```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

BRIAN E. TASSINARI,

      Petitioner,

v.                              Case No:   2:17-cv-287-FtM-29MRM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

      Respondents.
_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Brian Tassinari's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody (Doc. #1), filed on May 25, 2017. Petitioner challenges his February 2012 probation violation conviction and sentence in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.  The Court ordered the Secretary of the Florida Department of Corrections to show cause why the relief sought in the Petition should not be granted.  (Doc. #8).  On October 30, 2017, Respondent filed a Limited Response, asserting that the Petition should be dismissed as time barred because it was filed beyond the one-year limitation period in 28 U.S.C. § 2244(d).  (Doc. #9).  The next day Respondent filed an Appendix (Doc. #10) containing the state court record. Petitioner filed a Reply (Doc. #12) and Exhibits (Doc. #13) on December 11, 2017.

Based on a careful review of the pleadings and record, the Petition is dismissed as time barred.

## I.  Procedural History

The relevant procedural history is summarized below:

### A. Original Conviction and Sentence

On July 5, 2005, in Case No. 05-417-CF, the State Attorney charged Petitioner by Information with two counts of lewd and lascivious exhibition, in violation of Fla. Stat. § 800.04(7)(b). (Doc. #10-1, pp. 1-3).  On March 6, 2006, Petitioner pled no contest to both counts, was adjudicated guilty, and was sentenced to thirty days in the Collier County Jail followed by a five-year term of sex-offender probation.  (Id. at 3-4).  The Judgment noted that the probation "may be transferred to Massachusetts."  (Id. at 3).  Petitioner did not file a notice of appeal, and supervision of his probation was transferred to Massachusetts.  (Doc. #12, p. 3).

### B. June 2009 Violation of Probation Conviction

On August 21, 2006, Petitioner was charged in Florida with violating his probation while in Massachusetts.  (Doc. #10-1, p. 16).  On June 2, 2009, Petitioner admitted the two alleged probation violations, his probation was revoked, and he was sentenced to concurrent six-year terms of sex-offender probation, with supervision to be in Massachusetts.  (Id. at 17-18).

Petitioner asserts that on July 7, 2009, his probation supervision was formally accepted by Massachusetts. (Doc. #12, p. 4.)

On May 27, 2011, Petitioner filed a Motion For Post-Conviction Relief (Id. at 21-27) and a Memorandum of Law (Id. at 28-31) in state court challenging the June 2, 2009 conviction based upon ineffective assistance of counsel. On January 12, 2012, the Motion was denied by the trial court because the claim was conclusively refuted by the record. (Id. at 32-34.) Petitioner appealed the denial, and on November 21, 2012, the Second District Court of Appeal per curiam affirmed. (Id. at 64-65).

**C. February 2012 Violation of Probation Conviction**

On or about October 31, 2011, Petitioner was charged in Florida with violating two conditions of his probation while in Massachusetts. (Doc. #10-1, p. 66.) Petitioner was returned to Florida. (Doc. #12, pp. 8-9.) On February 14, 2012, Petitioner was found to be in violation of his probation, his probation was revoked, and he was sentenced to three years in prison, followed by five years of sex offender probation. The Judgment indicated the probation could not be transferred to any other state, but must be served in Florida. (Doc. #10-1, pp. 66-68).

Petitioner appealed the conviction and sentence, and on March 1, 2013, the Second District Court of Appeal affirmed per curiam. (Id. at 84); Tassinari v. State, 2D12-1367, 112 So. 3d 108 (Fla. 2d DCA 2013) (Table). No further appeal was filed.

On October 29, 2013, Petitioner filed a Motion to Award Credit For Time Served Pursuant to FRCrP 3.800(a), requesting credit for certain time served in a county jail in Massachusetts. (Id. at 86-89). Petitioner withdrew the motion on November 25, 2013. (Id. at 9.)

On January 8, 2014, Petitioner filed a Motion For Post-Conviction Relief and a Memorandum of Law challenging his February 14, 2012 sentence based upon ineffective assistance of counsel for failure to obtain certain credits for time served in jail in Massachusetts and in Lee County, Florida. (Id. at 106-116). On August 28, 2014, the Post-Conviction Court granted Petitioner's motion, awarded 49 days additional jail credit, and directed the filing of an amended sentence nunc pro tunc to February 14, 2012, to reflect the additional 49 days jail credit. (Id. at 117-120). An amended Judgment was filed on September 9, 2014. (Id. at 119).

On February 11, 2016, Petitioner filed a State Petition for Writ of Habeas Corpus challenging his February 14, 2012 conviction. (Doc. #10-2, pp. 6-55). On February 22, 2016, the Petition was dismissed as improperly filed and untimely. (Id. at 100-101).

On March 16, 2016, Petitioner filed a Motion For Post-Conviction Relief pursuant to Rule 3.850 (Id. at 103-148) challenging the February 14, 2012 conviction. On August 28, 2016, this motion was denied as untimely. (Id. at 150-153).

**D. May 2015 Violation of Probation Conviction**

On March 20, 2015, Petitioner was again charged with violating his probation. (Id. at 1-2). On May 27, 2015 Petitioner admitted the violations, was sentenced to time-served, and his probation12- was transferred to Massachusetts. (Doc. #10-2, pp. 3-5).

## II.  Analysis

Petitioner challenges his conviction and sentence for the February 14, 2012 violation of probation. (Doc. #1, p. 1, ¶ 2.) Respondent asserts that the § 2254 Motion must be dismissed because it is barred by the one-year statute of limitations. Petitioner opposes the motion on the merits, and seeks to strike it as untimely.

**A. Timeliness of Respondent's Motion**

Petitioner seeks to strike the Limited Response because the Appendix was filed one day late, making the Limited Response itself incomplete and thus untimely. (Doc. #12, pp. 12-17). The motion to strike is denied.

Respondent was ordered to respond within 120 days of June 30, 2017. (Doc. #8). The Limited Response was filed on October 30, 2017. (Doc. #9). The Appendix, which was a required component of the Limited Response, was filed on October 31, 2017. (Doc. #10). Finding no prejudice from any delay in filing, Petitioner's request to strike is denied.

**B. Statute of Limitations**

Under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to filing a habeas petition by a person in custody under a state court judgment. This statute of limitations requires a claim-by-claim approach to determine timeliness. Zack v. Tucker, 704 F.3d 917, 918 (11th Cir. 2013). This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Thus, the statute of limitations for all claims in this case is measured from the date

on which Petitioner's February 14, 2012 judgment became final. 28 U.S.C. § 2244(d)(1)(A).

### C. Date Judgment Became Final

Petitioner had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The parties dispute the date on which the February 14, 2012 probation violation judgment became final. There are four potential dates to be considered as the potential date the conviction became final under § 2244(d)(1)(A). For the reasons set forth below, the Court concludes that the judgment became final on May 30, 2013.

### (1) After Direct Appeal or After Post-Conviction Relief?

Petitioner contends that the judgment was not final until July 21, 2014, when the 30 days to appeal his second motion for post-conviction relief expired. (Doc. #12 at 20). Respondent argues that the judgment became final on May 30, 2013, after the time to seek certiorari review in the United States Supreme Court expired. (Doc. #9 at 5.)

The language of § 2244(d)(1)(A) establishes that Petitioner's position is not correct. That statute gives a petitioner one year from "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. §

2244(d)(1)(A) (emphasis added).  Petitioner's attempt to include two post-conviction motions is clearly contrary to the direction of the statute.

On direct review, on March 1, 2013, the Second District Court of Appeal affirmed Petitioner's probation violation conviction and sentence without explanation in a per curiam decision. Tassinari v. State, 2D12-1367, 112 So. 3d 108 (Fla. 2d DCA 2013) (Table). The Supreme Court of Florida was jurisdictionally barred from reviewing that "unelaborated per curiam decision[ ]." Jackson v. State, 926 So. 2d 1262, 1263, 1265 (Fla. 2006). Petitioner could, however, have petitioned the United States Supreme Court within 90 days following that affirmance, and is therefore afforded a 90-day grace period before commencement of the limitations period. Bates v. Sec'y, Dep't of Corr., 964 F.3d 1326, 1329 (11th Cir. 2020); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275-76 (11th Cir. 2006).  Thus, under the circumstances of this case, the violation of probation judgment became final for AEDPA purposes upon expiration of the 90-day period for seeking certiorari review of the March 1, 2013 state appellate court decision.  Unless the two dates discussed below otherwise supersede, Petitioner's judgment became final on May 30, 2013.

### (2) Amended Judgment

An amended Judgment was filed on September 9, 2014, granting Petitioner credit for an additional 49 days served in jail.

Presuming Petitioner had 30 days to appeal, the amended Judgment became final on October 9, 2014. The question becomes whether the date of the amended Judgment (September 9, 2014), or thirty days thereafter (October 14, 2014), became the date when the probation violation conviction became final for purposes of § 2244(d)(1)(A).

Entry of a "new judgment" may extend the time to file a § 2254 petition. In a different context, the Eleventh Circuit has stated that "where a state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantively different than the one originally imposed, there is a new judgment." Patterson v. Sec'y. Florida Dep't of Corr., 812 F.3d 885, 891 (11th Cir. 2016). Here, the amended Judgment did not "impose[] a new sentence that is substantively different that the one originally imposed." Id. Indeed, the length of the sentence and all other terms remained the same. The only thing changed was the number of days credit Petitioner was to receive. This was not a "new judgment" which commenced the 2 2244(d) statute of limitations. Additionally, the amendment was ordered to be nunc pro tunc to the February 14, 2012 conviction, and therefore the date of his sentence and conviction remained February 14, 2012. See Osborne v Sec'y. Fla. Dep't Corr., 968 F.3d 1261, 1266-67 (11th Cir. 2020).

    **(3) Transfer of Probation to Massachusetts**

Petitioner also asserts that his sentence was substantially modified on May 27, 2015, when he was allowed to serve the term of probation in Massachusetts. (Doc. #12, pp. 22-25.) Respondent argues that the May 27, 2015 order transferring Petitioner's probation to Massachusetts did not constitute a new judgment because it did not make a substantive change to the sentence. (Doc. # 9, pp. 7-8.)

Transferring Petitioner's supervision did not substantially alter Petitioner's sentence since Petitioner was still under supervision for the same period of time and under the same conditions as the original judgment. Osborne, 968 F.3d at 1265-66. While supervision in Massachusetts was undoubtedly important to Petitioner, it was not a change which created a new judgment within the meaning of § 2244(d)(2). For example, in Patterson, the Court concluded that the state court's grant of a Florida Rule 3.800 motion to remove a sentencing requirement that the defendant undergo chemical castration did not constitute a new judgment for purposes of § 2244. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325-28 (11th Cir. 2017) (en banc). The change here was clearly less significant than in Patterson.

    **D. Date Time Period Begins to Run**

The AEDPA's one-year limitation period runs from the day after the date of the final judgment. San Martin v. McNeil, 633 F.3d

1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to run from the day after the day of the event that triggers the period); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Accordingly, the limitations period in this case began on May 31, 2013, and would expire on May 31, 2014, absent statutory or equitable tolling.

**E. Statutory Tolling Periods**

Statutory tolling allows Petitioner to toll the running of the limitations period while properly filed state post-conviction actions are pending. 28 U.S.C. § 2244(d)(2).  The Eleventh Circuit recognizes the following Florida proceedings as applications for state post-conviction or other collateral review under § 2244(d)(2): (1) a motion for state post-conviction relief under Fla. R. 3.850; (2) a motion to correct an illegal sentence filed under Fla. R. 3.800(a); (3) a motion for rehearing on the denial of a motion to correct an illegal sentence; and (4) any appeals filed in state court from the denial of these motions. Hall v. Sec'y Dep't of Corr., 921 F.3d 983, 987 (11th Cir. 2019).  An application for state post-conviction relief that is dismissed as

- 11 -

untimely is not "properly filed" and, thus, does not toll the federal statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

The Court begins with the May 31, 2013 beginning date to determine when the 365 day period expired after statutory tolling is considered. Petitioner filed a Rule 3.800 post-conviction motion on October 29, 2013, so **151 days** had elapsed since May 31, 2013. The statute of limitations was tolled until Petitioner withdrew the motion on November 25, 2013.

On January 8, 2014, Petitioner filed a motion alleging ineffective assistance of counsel in connection with credit for time served. Therefore another **43 days** had elapsed, for a cumulative total of **194 days**. This Motion tolled the statute of limitations until August 29, 2014.

The remaining 171 days of the year period expired on February 15, 2015. Although Petitioner thereafter filed a Habeas Corpus petition on February 11, 2016, any collateral pleadings filed after the expiration of the one-year period does not toll the ADEPA statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012).

The Petition was filed on May 25, 2017, over two years after the statute of limitations had expired. For that reason, the Petition is untimely.

**D. Equitable Tolling**

The Supreme Court has recognized that a petitioner may be entitled to "equitable tolling in an appropriate case" under 28 U.S.C. § 2244. Cole v. Warden, Georgia State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)). To be entitled to equitable tolling a petitioner must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649. The assessment of equitable tolling is made "on a case-by-case" basis, considering "specific circumstances" and "decisions made in similar cases for guidance." Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012). Equitable tolling "is an extraordinary remedy limited to rare and exceptional circumstances" and typically should be "applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations omitted). "It is well settled that '[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner.'" Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014)(citation omitted). The petitioner must show a causal connection between the alleged extraordinary circumstances and his untimely filing of the § 2254 petition. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

Read liberally, the only possible basis for equitable

estoppel discussed in Petitioner's Reply (Doc. #12) is his prior filing of a § 2254 petition.  Petitioner asserts that he originally filed his § 2254 petition on October 28, 2016 in Case No. 2:16-cv-802, but that it was erroneously dismissed for failing to pay a filing fee or file an application to proceed as a pauper.  (Doc. #12, p. 22).  Petitioner did file a § 2254 petition on October 28, 2016, and it was dismissed without prejudice on December 1, 2016.  See Case No. 2:16-cv-802.  While Petitioner now asserts that he had paid a filing fee, he did not make that assertion in the prior case, did not seek reconsideration, and did not take any steps to resolve that purported issue in that case.  Instead, Petitioner waited almost six months to file a virtually identical § 2254 petition.  In any event, the filing of the petition on October 28, 2016 was still untimely by about 18 months.

### **Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances and may not have a certificate of appealability.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. 2254 by a Person in State Custody (Doc. #1) is **DISMISSED as untimely.**  The Clerk shall enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of November 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

FTMP-2
Copies:
Counsel of Record

- 15 -